# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Ottis Jefferson Smith, ) | Civil Action No. 0:18-02914-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Neil McGowan; Melinda Haney; Jennifer ) | |
| Lawson; Eric Delaney; Dr. N. Steed; Megan ) | |
| Brawley Byers; Southern Health Care ) | |
| Provider; John C. Anthony; John W. Sherfield; ) | |
| Dr. Charles Outz, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on October 25, 2019. (ECF No. 184.) The Report addresses Plaintiff Ottis Jefferson Smith's suit under 42 U.S.C. § 1983 and recommends that the court grant Defendants' Motions for Summary Judgment (ECF Nos. 113, 136, 155). For the reasons stated herein, the court **ACCEPTS** the Report and **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 113, 136, 155).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 184.) As brief background, Plaintiff filed this civil rights action as a self-represented pretrial detainee against Defendants pursuant to 42 U.S.C. § 1983. In his Complaint, Smith alleges that, during the time period from approximately August 1, 2018 until December 4, 2018, while he was housed at the Union County Detention Center, he complained of various medical issues for which he did not receive proper medical care and thereafter, Defendants

retaliated against him. Specifically, in one instance, he filed grievances complaining about ants in his cell that were biting him. Plaintiff alleges that Defendants retaliated against him and he was placed on lockdown due to his complaints. Additionally, he alleges that he attempted to procure legal research and supplies, but was prevented from doing so. The court construed Smith's Complaint as alleging that Defendants Lawson, Outz, Byers, Steed, and Southern Health Care Provider were deliberately indifferent to his medical needs in violation of the Fourteenth Amendment of the United States Constitution; that Defendants Haney and McGowan denied Smith access to the courts in violation of the Fourteenth Amendment; and that Defendant Haney retaliated against Smith. (ECF No. 34 at 2.) No party challenged this construction. Each defendant filed separate motions for summary judgment (ECF Nos. 113, 136, 155). For the sake of judicial economy, the court addresses all motions below.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The parties were apprised of their opportunity to file objections to the Report on October 25,

2019. (ECF No. 184.) Objections to the Report were due by November 8, 2019. (ECF No. 184.) However, objections were due by November 11, 2019, if a party was served by mail or otherwise allowed under Fed. R. Civ. P. 6 or Fed. R. Crim. P. 45. (*Id.*) Neither party filed objections to the report.

In the absence of timely objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Instead, the court must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. (ECF No. 184.) Because there are no objections, the court adopts the Report herein. *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 184) and incorporates it herein. Therefore, the court **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 113, 136, 155). Further, Plaintiff's pending motion to alter time in all sur-replies (ECF No. 99) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*

December 20, 2019 United States District Judge
Columbia, South Carolina