# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Ottis Jefferson Smith, | ) |
| | ) |
| | ) Civil Action No.: 0:18-cv-02914-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Neil McGowan; Melinda Haney; Jennifer Lawson; Eric Delaney; Dr. N. Steed; Megan Brawley Byers; Southern Health Care Provider; John C. Anthony; John W. Sherfield; Dr. Charles Outz, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 33), filed on February 28, 2019. The Report addresses Plaintiff's suit under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. This review considers Plaintiff's Objections to the Report and Recommendation ("Objections") filed on March 14, 2019. (ECF No 40.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report and **DISMISSES** Defendants Delaney, Sherfield, and Anthony.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This court concludes, upon its own careful review of the record, that the Magistrate Judge's factual synopsis is accurate and incorporates it by reference. This court will thus focus on the facts pertinent to the analysis of Plaintiff's Objections. As a brief background, Plaintiff filed this civil rights action as a self-represented prisoner against Defendants pursuant to 42 U.S.C. § 1983. Plaintiff named multiple Defendants in his Complaint (ECF No. 2) and Amended Complaint (ECF No. 30.) The Magistrate Judge *sua sponte* recommended that the court dismiss Defendants Eric

1

Delaney, John W. Sherfield, and John C. Anthony. (ECF No. 33 at 1.) Plaintiff filed timely Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 40.)

First, Plaintiff objects to the Magistrate Judge's recommendation that Eric Delaney, Plaintiff's public defender, be dismissed. (ECF No. 40 at 1.) The Magistrate Judge found that Plaintiff failed to identify a plausible legal claim in his Amended Complaint. (ECF No. 33 at 4.) Furthermore, the Magistrate Judge found that Plaintiff could not maintain any § 1983 action for damages against Delaney because he was not acting under the color of state law as defense counsel. (*Id.* at 5.) Plaintiff first claims in his Objections that Delaney's appointment as counsel violated his Sixth and Fourteenth Amendment Rights because Plaintiff had filed *pro se* petitions already. (ECF No. 40 at 1.) Plaintiff also alleges that he and Delaney were involved in a verbal altercation over the phone on September 26, 2018, and in person on September 27, 2018. (*Id.*) Plaintiff alleges that Delaney "provid[ed] vulgar remarks and slamm[ed] down files to ultimately make the [P]laintiff fear for his life." (*Id.* at 12.) Plaintiff further alleges that Delaney was "violated by a 'jailhouse lawyer' [and] thus vowed vengeance by turning the Defendants to ravish the Plaintiff's constitutional rights as a pretrial detainee. . .." (*Id.* at 1.) Plaintiff claims that Delaney "ineffectively represented [him] with his malicious assault in consultation, as well as his unethical behavior both as Defendant attorney and adve[r]sary." (*Id.* at 2.)

Second, Plaintiff objects to the Magistrate Judge's recommendation that Defendant Sherfield be dismissed. (ECF No. 40 at 2.) Plaintiff alleges that Sherfield had no lawful reason to stop him. (*Id.* at 3.) Plaintiff argues that under *United States v. Sprinkle*, 106 F.2d 613 (4th Cir. 1997), a two-prong analysis applies. (ECF No. 40 at *3*.) This analysis would look at the "reliability of the informer and . . . basis of knowledge." (*Id.*) Plaintiff also cites to *Aguilar v. Texas*, 378 U.S. 108 (1964) and *Spinelli v. United States*, 393 U.S. 410 (1969). (ECF No. 40 at 3.) Plaintiff argues

that Sherfield had no probable cause to stop him, and that the informer who alerted police that Plaintiff would be driving while possessing methamphetamine, would not be sufficient to constitute probable cause. (*Id.*)

Third, Plaintiff objects to the Magistrate Judge's recommendation that Defendant Anthony be dismissed (*Id.* at 4.) Plaintiff claims that Anthony was a part of a conspiratorial "taint team" with Defendant Delaney, and that Anthony led a "governmental intrusion . . . to control the literature . . . as [to] legal resources to a criminal defense in both *Union* and *Richland* cases." (ECF No. 40 at 4). Plaintiff alleges that Anthony "monitored the orderly flow of information" by screening and then "either denying the request or allow[ing] in part the information needed." (*Id.*) Plaintiff further claims that Anthony "ignored the truth that the fruits of the arrest were a nullity" and that "consitut[ed] a malicious vindictive prosecution at the hands of Anthony." (*Id.*)

Plaintiff lists two other objections not related to the dismissal of parties within this objection. First, Plaintiff lists an objection to the construction of the pleading. (*Id.* at 5*)* Here, Plaintiff asks for "any and all subject matter, supporting documents (grievances, letters, notes) between Plaintiff and Defendant" from 11 specified days. (*Id.*) Second, Plaintiff lists an objection to appointment of counsel. (*Id.* at 6.) Plaintiff claims that he "clearly . . . is unable to adequately resource (sic) records (medical) to show cause that his mental defects, PTSD, ADD, ADHD, severe depression . . . are a constant concern in his emotional capacity." (*Id.*) Plaintiff further asserts that he "cannot effectively litigate this case being ineffective to preserve in all functions all points of process and procedures leading to the administration of justice." (*Id.*)

## II.     STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the

3

recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). Moreover, the court is charged with making a *de novo* determination of those portions of a report and recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, a magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Additionally, *pro se* filed documents should be "liberally construed," and held to a less stringent legal standard than those complaints or proceedings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, even liberally construed, objections to a Report must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b)(2).

### III. DISCUSSION

The court addresses Plaintiff's Objections as follows:

#### a. Plaintiffs Objections to the Report regarding Defendant Delaney

The court agrees with the Report of the Magistrate Judge that Defendant Delaney should be dismissed from the case. Plaintiff's assertions contained in the Amended Complaint fail to state a claim against Delaney. Further, his assertions in the Objections to the Report and Recommendation are merely recitations of those contained in the Amended Complaint. Lastly, Delaney cannot be subject to a § 1983 action because he was not acting under the color of state law. *See West*, 487 U.S. at 49 ("To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'"). Criminal defense attorneys do not act under the color of state law in the

normal course of conducting a defense in a criminal prosecution, and therefore, they are not amenable to suit pursuant to § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980) (finding no state action under § 1983 even where the plaintiff's attorney was a court-appointed public defender); *Campbell v. North Carolina*, No.1:12-CV-719, 2013 WL 2153110, at *2 n.1 (M.D.N.C. May 16, 2013) (collecting cases finding that federal public defenders are not amenable to suit pursuant to Bivens).

### b. Plaintiff's Objections to the Report regarding Defendant Sherfield

The court agrees with the Magistrate Judge that Defendant Sherfield should be dismissed from the case. The Report and Recommendation construes Plaintiff's claims in the Amended Complaint as a false arrest claim, to which Plaintiff does not object. In his Objections, he raises arguments relating to the validity of the stop based on the use of an informant. However, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ."

*Heck*, 512 at 486–87. The court further held that "a claim for damages bearing that relationship to a conviction and/or sentence that has *not* been so invalidated is not cognizable under § 1983." *Id.* Here, Plaintiff's conviction or sentence have not been so invalidated. While Plaintiff attempts to remedy the reasons the Magistrate Judge dismissed the claim, none of his arguments address the standard set forth in *Heck*. As Plaintiff's § 1983 claim against Sherfield is not cognizable, it warrants dismissal.

5

### c. Plaintiff's Objections To the Report regarding Defendant Anthony

The court agrees with the Magistrate Judge that Defendant Anthony should be dismissed from the case. Defendant Anthony was the solicitor of Union County at the time of Plaintiff's prosecution. The Report and Recommendation noted that:

> To the extent Plaintiff['s] claims against Anthony relate to his prosecution of Plaintiff's criminal charges, Anthony would be immune from suit. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) ("Solicitors are immune from §1983 claims where their challenged actions are 'intimately associated with the judicial phase of the criminal process.' "); *see also Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996) (explaining "the *Imbler* Court specified that absolute immunity protects prosecutors' decisions 'whether and when to prosecute'").

(ECF No. 33 at 7 n.3.) Further, the Magistrate Judge noted that Plaintiff's claims are conclusory and lack factual support. (*Id.* at 7.) His Objections merely restate these conclusory arguments and still lack factual support.

> As to Plaintiff's malicious prosecution claims, he must establish:
>
> (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in [the] plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage." *Law v. S.C. Dep't of Corr.,* 368 S.C. 424, 435, 629 S.E.2d 642, 648 (2006)

*Pallares v. Seinar*, 756 S.E.2d 128, 131 (2014); *See MacDonald v. Costco Wholesale Corp.*, No. CV JKB-17-1747, 2018 WL 1583470, at *6 (D. Md. Apr. 2, 2018) (holding the elements of malicious prosecution are: 1) the defendant(s) instituted a criminal proceeding against the plaintiff; 2) the criminal proceeding was resolved in favor of the plaintiff; 3) the defendant(s) instituted the criminal proceeding without probable cause; and 4) the defendant(s) acted with malice or for the primary purpose other than bringing the plaintiff to justice). Plaintiff claims that Anthony evidenced "deliberate indifference for his co-conspirator Delaney" and that Anthony "ignored the truth that the fruits of the arrest were a nullity." (ECF No. 40 at 4.)

Upon its review, the court finds that Plaintiff states legal conclusions and fails to sufficiently reference evidence proving these conclusions. Because of the failure to submit meritorious specific objections, the court dismisses the claims against Anthony.

### d. Plaintiff's Objections to Construction of the Pleading and Appointment of Counsel

Neither of these issues (discovery and appointment of counsel) are addressed in the Magistrate Judge's Report. Therefore, these issues are overruled as moot.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 33), **OVERRULES** Plaintiff's Objections (ECF No. 40), and **DISMISSES** Plaintiff's Amended Complaint (ECF No. 30) as to Defendants Delaney, Sherfield, and Anthony without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 26, 2020
Columbia, South Carolina